in Castro vs. Attorney General. Good morning. My name is Joseph Sekula. I'm from the law firm of Sekula & Sekula and I'm here on behalf of the appellant and I'm requesting a reserve five minutes for rebuttal. Wow, okay. What we have here is a relatively simple case. An immigration judge, an individual, my client, apparently was arrested for violating the law of the obtain a prostitute. NJSA 2C 34-1-1B. He pled guilty to an ordinance three days later. Several years later, he went before to adjust his status based on marriage to his wife. At that time, they asked him to disclose police records. He brought all the police records to USCIS, including the arrest report. At that time, after submission of those documents, USCIS determined that he had made a false claim to U.S. citizenship because, not anywhere else on the record, but on the police report, the police officer wrote down the place of birth being Puerto Rico. My client comes from Costa Rica. And then they started proceedings. However, before proceedings were started, the client went back to accounts they originally had for the adjustment status, which is not my firm, and obtained clarification and submitted it to USCIS, stating that there could have been an error from the Patterson Police Department. Proceedings were instituted. The client came to me to do proceedings. Now, when proceedings started, we did not obtain the individual, before the individual calendar hearing, we was not served. It was simply provided a look at at the day of the individual hearing after the immigration judge stated that to look at the record, because he would like to proceed because there was no need to adjourn this case, because we were merely looking at the citizenship part. I was a counsel of record. I was there. I looked at the record with counsel. And I'm not sure if you're familiar with an A-file. There are two sides, one privileged and one that could be produced. I was shown documents there. And I was told that these are all the documents that existed. We went forward with the individual case. The immigration judge, after hearing from the police officer and a cross-examination, and hearing from my client, determined that the police said that a false claim of U.S. citizenship was made by my client stating that he was from Puerto Rico, and that he did not say he was from Costa Rica. We filed an appeal within 30 days. However, my client did not retain, continue to retain me during the time pendency of the appeal. However, after the decision was made, he came to me, and we filed a motion to reopen and reconsider the case. We filed the case. You made a motion for both, reopening and reconsider? To reconsider and to remake. I thought it was just reconsideration. It's reconsideration because, Judge Greenway, I apologize for misspeaking. However, there was the presence of this police report, this letter from the Patterson police that stated the police officer who testified could have made an error in stating that he could have been from Costa Rica instead of Puerto Rico. Right. But the letter's not from him. No, it's from his superior officer. Correct. It is from the detective sergeant. You didn't file a petition for review of the Boyd's decision? No, not the first decision. I did not. Because my client did not file a brief in the matter originally, and there were several issues that needed to be expounded upon. But he testified very clearly that he, that Mr. Matzoff... Castro. No, Mr. Castro stated he was from Puerto Rico. That is correct. That testimony is clear. Well, he did state that correct. That is correct. Go ahead. The issue is, but was before the immigration judge and the board, is if you take that to be true, if he stated he was from Puerto Rico, can that constitute a false claim to United States citizenship under the Immigration Nationality Act Section 212A6C2, where it's not merely enough to state that there is a false claim. Good. You're going to get to the issue, the legal issue, which is really before us, which is what was the benefit? Correct. What was the benefit or purpose of the act? The police officer... Let me ask you this question on that. Yes. Is it actual benefit as opposed to or in addition to perceived benefit? Well... I know some of the cases talk about actual benefit, and it seems a little odd to me that we would discuss there's got to be an actual benefit when it's clear that in some instances there might be a statement of U.S. citizenship when there is a hope or a perception that that untruth will derive a benefit. If I'm understanding your question, are you talking about the mental state of my client in making it? Well, yes, because some of the cases talk about an actual benefit. You know, I filed an I-9 because I knew that if I put down that I was a citizen, there'd be an actual benefit. This circuit's the only decision that has come out on it precedentially is, I'm sorry if I'm mispronouncing, Demois, which basically went through a person who made an actual false claim to citizenship and received the benefit of getting student federal loans because he was a United States, stating he was a United States citizen. In other words, does it have to be a tangible benefit? Yes. I would state that it has to be a real benefit under state or federal law that in order to... Congress was very clear about this. They said a benefit under state or federal law. It was not that any false claim to citizenship. If someone sat there and said, I'm a United States citizen on the street corner, they would not be subject to removal. I think that's pretty clear. This was not a street corner. Well, it was. Actually, it's kind of funny. It was. Where the arrest took place was a street corner, and under the New Jersey statute, he was engaging in behavior that would otherwise be protected by the First Amendment. But I guess the issue is here, the immigration judge credits Officer Palomino's testimony and says, I perceive that Mr. Castro believed there was a benefit to be derived and that it would be problematic if this prostitution activity showed up in his record at the same time that he was applying for citizenship. And my question is, why isn't that permissible? Our review is focused on your motion for reconsideration only. So I guess the question is, what is the error that the IJ engaged in? Well, the error that the immigration judge and the board engaged in is not requiring that there be a benefit. There was never a benefit defined. The police officer himself said that nothing different would have occurred. They would not have called immigration services. They would have not done anything differently. They would have merely released him. And if you look at the record of the police department, it's extremely deficient. There's errors everywhere in the record. The police officer himself said he took about 10 minutes on this. The police reports are all pre-typed, and they just fill in a dollar amount and handwrite people's names. What cases support your theory that it has to be a tangible benefit? Well, besides the Dumois case, they discuss it very clearly in the United States v. Caroni, which is in the Ninth Circuit, which requires an I-9 to be filed. And that was out of a criminal prosecution. And in there, they state that it wouldn't have been enough that a person stated and tried to apply for, but what they checked off was that they were a national of the United States, not a citizen, and that did not suffice. While it was a criminal act, it did not suffice to act under Congress in order to make the person removed permanently barred. What's happened here is my client is now permanently barred from any relief because of a perception of the immigration judge that this is what he was seeking. He didn't obtain money. He did not obtain any leniency. There was nothing obtained by him whatsoever. What this has clearly done is it's a mistake or an error. And if you look at the Board of Immigration Appeals' first decision, they're stating that the judge found him inadmissible as an overstay, and that's correct. However, they incorrectly cite the overstay law as the false claim to citizenship section of the act. Now, what happened is, is that, in effect, the judge said, you're an overstay, you're removable, but we're not even, we, there may not be enough evidence for you to be declared to be removable under the false claim to citizenship charge, but you're going to be permanently barred from adjusting status or any relief under the other charge because of it. I mean, basically, the government never proved the false claim to citizenship. The only thing proven here, and which we admitted to, was my client was an overstay. And it's also important to remember at the time that my client... I don't understand you. Did they not think or not believe that he claimed to be a citizen? Oh, I'm sorry. He had to be a citizen? He was a citizen? I don't understand the question, I'm sorry. Well, it wasn't very clear. I'll save it. Okay, thank you. Okay, thank you. We'll hear from the government, and then we'll hear you back. You saved five minutes, right? Yes. Okay, so you get a lot of time. May it please the Court, Lisa Damiano on behalf of the Attorney General. Good morning to you all. Good morning. There are two pivotal issues in this case. The first is, has the petitioner waived any dispute regarding his motion to reconsider by failing to raise an adequate abuse of discretion challenge in his opening brief? And if not, the second inquiry or pivotal question would be, did the Board abuse its discretion when it denied this motion to reconsider? All of Mr. Castro's other arguments are not properly before this Court because he failed to petition for review of the underlying Board's decision. And what authority do you invoke for that proposition? Um, well... Do you lack jurisdiction? Under Stone v. INS, the Supreme Court ruled that the filing of a motion to reconsider does not toll the period of time that the alien has to petition for review of that decision. So any argument or issue in the merits decision or the underlying Board decision must be pursued in a petition for review from that decision. Did Stone tell us anything more than that a final decision of the BIA and a final denial of a motion for reconsideration are separate, final, appealable orders? Isn't that what Stone held? Well, I believe that Stone did hold that, Your Honor. I also believe that Stone held that the period of time for, you know, seeking review of those issues is not tolled by filing a motion to reconsider. I understood you to say in your brief that the Khalil case, supported by Stone, showed that we lacked jurisdiction. Yes, I believe that is... Was that the holding in Khalil? I believe it was. I don't have that case in front of me. But, I mean, it's possible that it's dicta. I don't have the case in front of me. I could certainly look into that and inform the Court. I would have thought that the most that you could get out of Khalil was that a denial of a motion for reconsideration made it possible to seek review by this Court with respect to whether there was an abuse of discretion. Yes. It was not a holding, but we lacked jurisdiction. Well, we would argue that it... That's what... We would argue that you do lack jurisdiction and that a filing of a motion to reconsider is not a replay of the main event, as the Seventh Circuit has said in Raymond. It's not an opportunity for the petitioner to have another bite at the apple. In this motion to reconsider, he has to prove... The burden is on him to show that there was an error of fact or law in the prior Board decision. And here, the Board reasonably determined that he did not show a prior error of fact or law. The Board has said that when it adjudicates a motion to reconsider, it places itself back in time, and it reviews the case again on the record before it in order to determine if it overlooked some argument, it overlooked a fact, there was a change in the law, or some sort of, you know, those types of issues.  ...that, um... that the, uh... the application of purpose or benefit was incorrect in this instance, that that was not what Castro was doing. But that becomes an erroneous legal ruling that this court has authority to review on an abuse of discretion level. Well, Your Honor, the Board, as I said, would look at the record before it in determining whether there was an error of fact or law in its prior decision, and all it had was Mr. Castro's two-sentence argument unsupported by any law or explanation. He didn't file an appeal brief to the Board on his first appeal. This is your waiver argument, is it? No, I'm saying that the Board, and the record it had before it when it made its merits decision, is it had two sentences from Mr. Castro generally attacking the judge's decision. He didn't lay out any arguments regarding the purpose or benefit in that initial appeal to the Board. But what the Board did decide as a matter of law, as I understand it, two rulings did decide that this was a situation in which Mr. Castro had made a representation of citizenship that was false for the purpose of achieving some benefit under federal law. Yes. So that was a legal ruling. Well, the legal ruling... It's not clear why we can't examine that legal ruling.  and remind the Court that what was before the judge was a charge of inadmissibility for making a false claim to U.S. citizenship under the law. Inadmissibility has to be overcome by the petitioner, by the alien. The burden wasn't on the government to prove he made a false claim to U.S. citizenship. If it was a charge of deportability, the burden would be on the government to prove by clear and convincing evidence that he... My concern is not with the falsity, but the inaccuracy of the statement. If we assume that what he said was Puerto Rico rather than Costa Rica, which is, of course, disputed, but if we assume that that is the record, then the question arises as a matter of law whether that was for a benefit or purpose contemplated by the statute. And there would be a strong reason to think that nothing that happened in the Patterson Police Department could have any effect, any identifiable effect one way or another that Castro would have had in mind when he was answering the question. Well, I would strongly disagree with that because Mr. Castro knew he had no lawful status. He knew he was preparing to file for adjustment of status. He knew he had just been arrested for a prostitution offense, and he did not want to be removed from this country. I would urge the court to look at this case just like somebody that misrepresents his alienage or citizenship at the border to gain entry into the United States. Here, he was misrepresenting his alienage in order to not be turned over to DHS. So does that mean that you believe that we should adopt a perceived benefit rule because your adversary has said that in his review of the law the focus by reviewing courts is on actual benefit when it comes to this statute? I would urge that the statute itself is plain and that it says any purpose or benefit. Purpose means intent under a reading from Merriam-Webster dictionary. Any purpose or benefit articulated by whom? Or perceived or understood by whom? Well, by the board because the attorney general has granted the board the authority to adjudicate in this area. And if the board says that this is a purpose or benefit, then the board's determination is entitled to deference. So the board's determination regarding the intent of the alien is what governs? The board's determination of whether there was a purpose or benefit. And here they determined that there was a purpose or benefit. A benefit means the plain meaning of benefit is advantage. It was extremely advantageous for Mr. Castro to misrepresent his citizenship because he didn't want to be turned over to the Department of Homeland Security. And further, he wanted to hide his arrest from the Department of Homeland Security because he knew he was filing for adjustment of status. And in fact, if I can direct you to page 180 in the record, he misrepresented that arrest a second time when he failed to check off on his adjustment of status application that he had been arrested. Let me ask you about the timing of this. Are we to look at the time of the allegedly false statement? At that time, which was 2004, Castro had not yet sought adjustment of status. What then is the purpose or benefit requirement? Well, again, it's... I mean, he hadn't even sought adjustment of status at the time, right? Of the allegedly false statement. This last go-around of adjustment of status, no, there are some indications that he may have tried to obtain status earlier through the temporary residency program, but that's not in the record. Well, then, let's stick to the record. Okay, well, even though he had not yet filed, he stated in his testimony that he was getting ready to file and he knew that this arrest could have consequences on that filing. He also didn't want to be turned over to Department of Homeland Security, so there's two reasons he would have misrepresented or two benefits. He doesn't want it to impact his adjustment of status application that he's preparing to file through his wife, and he also doesn't want to be placed in removal proceedings. Is it relevant that this is a fractured board decision that one member of the board dissented? No, Your Honor. He would have interpreted the purpose or effect... I guess would not have interpreted the purpose or benefit the way the BIA did. No, Your Honor, it's not relevant that it was a fractured board decision, just as it would... It means that it's not unreasonable to take the other position. It's not unreasonable, but the board's... First of all, the board's reading and interpretation of the statute is entitled to deference, and also we're looking at a motion to reconsider an abuse of discretion. We have to look at that decision through the prism of the abuse of discretion standard. This isn't a direct appeal. In considering what is a purpose or benefit under the statute, have you given any consideration to Judge Kennedy's opinion, Judge Cornelia Kennedy's opinion, in Hassan v. Holder, where she found that a representation of citizenship in an application for a small business loan with federal benefit was not for the purpose or benefit under the statute? That certainly would be a lot closer, would it not, to what the statute was dealing with that the Sixth Circuit felt otherwise? Well, I would have to review the particulars of that case, but I think if my understanding is correct, that was a direct appeal from an underlying board decision and not a motion to reconsider a case. But also, that may have been one of the cases where we're talking about deportability, and again, the burden is on the government to prove clear and convincingly that the alien committed a false claim to U.S. citizenship for a purpose or benefit. So you're saying that the Board of Immigration Appeals may have made a legal error that could be reviewed by this court saying no loan, but the error would not meet the standard of abuse of discretion. Is that the distinction? Well, that's definitely a distinction I'm making about the case Your Honor cited, too. In this case, I'm merely arguing the case before me. Was Judge Kennedy wrong? Was the Sixth Circuit wrong in its application of the statute to a loan application to the Small Business Administration? Again, I don't recall the specific facts of that case. I mean, if they ruled that it was not a purpose or benefit under the law, then we would disagree with that case. I'm not sure if that case hinged on the purpose or benefit clause of the statute in question. Have we agreed that this court does have discretion, does have jurisdiction, sorry, to review the motion, the denial of the motion for reconsideration? Has jurisdiction to review that for an abuse of discretion? Yes, I believe this court has jurisdiction to review the motion to reconsider for abuse of discretion. That's an advance over the position you take in your brief that we have no jurisdiction at all to look at the merits. No, not on the merits. Not on the arguments that could have been included in a petition for review from the underlying decision. What I'm simply suggesting is that the arguments, it's not an opportunity, as I said, to take a second bite at the apple. You have to look at the arguments through the abuse of discretion standard. And here, the board properly determined that Mr. Castro had not shown an error of factor law in its prior decision in order to warrant reconsideration. It did not act irrationally in deciding that. So, we can't get to the merits proper. You know, this isn't plenary review of all of the merits. We can only look to the arguments for reconsideration that were made and whether the board abused its discretion. And under that highly deferential standard of review, the agency decision will be reversed only if it was made irrationally, arbitrarily, or contrary to law. And we can't say here that... It's the contrary to law part that interests me. I confess to you that I'm I'm underwhelmed by what I understand to be the government's position that there may have been an error and a serious error of law made by the Board of Immigration Appeals but it's not reachable because it doesn't amount to an abuse of discretion. Well, Your Honor, my brief does make the alternative argument and does say that we believe that there was a purpose or benefit here. We do believe he made a false claim. So we are not conceding or stating that there was a serious error made by the Board and that you're just not allowed to reach it here. What do you think about the following? The immigration judge lists certain considerations that suggests may have made it in politic counterproductive for Mr. Castro to be claiming citizenship to be claiming a false claim of citizenship and among the things    is the pending naturalization application of Mrs. Castro but I don't think that the immigration judge is making a false claim of citizenship and the recital in Mr. Castro's brief maybe maybe Mr. Saluka can give us more information about that was that in fact Mr. Castro was married to a naturalized citizen many, many years before any of this arose. That's correct, Your Honor. The judge's decision does refer to the naturalization application and in fact so that the immigration judge was relying in part on mistaken information? Yes, he was relying on Mr. Castro's testimony which was a little muddled at times and Mr. Castro did state that he used the word naturalization a couple of times and I think that's where the judge drew from in his oral decision that day that Mr. Castro himself referred to the fact that he knew he was going to be filing for adjustment of status and Mr. Castro used the word naturalization but Your Honor is right, she naturalized in 1997. However, we would argue that that error is harmless given the fact that there were several other reasons for his misrepresentation, his filing for adjustment of status, his not wanting to be removed from the United States which he stated. So it was not an abuse of discretion for the Board of Immigration Appeals to rely on factual recitals in the immigration judge's decision of what was wrong. No Your Honor because like I said that if that is considered an error which she was naturalized in 1997 so in that sense it was an error. I believe the judge was referring to Mr. Castro's own testimony but I believe that the Board was correct in not giving that specific finding any weight given the fact that there was a purpose or benefit aside from that consideration there were other things that Mr. Castro testified to and that were in the record that would lead the judge to conclude that he made that false statement for a purpose or benefit under the law. Thank you. Thank you. Thank you. I'd like to know what you think of Judge Pollack's theory. I agree with Judge Pollack's theory as I think you well know. However it's important to note that government is stating that an abusive discretion this is not an asylum case where there's facts and credibility involved. Judge Pollack is 100 percent correct. This is an application of law. There has to be while there's certain facts mixed in if there is no benefit under the federal or state act then there is no false claim the citizen bar to his adjusting status and in fact if you look at the immigration judge's decision he states that we admit the ground is deportability much like the government said pursuant to Section 237B1 is an overstate alien. That is why the immigration judge ordered him deported. What he in fact did was pre-terminated his application for adjustment of status because under the deportability statute if it would have been determined this was a misrepresentation not a false claim to citizenship there would have been a waiver available to Mr. Castro. He was not presented the opportunity to present his application for adjustment of status pursuant to that. The board is actually incorrect because they state in a footnote the only where they state the law of the matter is in a footnote of their first decision where in footnote 4 they say he was as an overstate alien pursuant to 212A6C2 which is the false claim to citizenship statute. The board even confused the law here about why my client was ordered removed. I mean that's clear and in my motion to reconsider I went through this was a split decision of the board where board member Cole very clearly said I don't believe there was any benefit derived pursuant to this misrepresentation and that was clarified because the board's general decision was just that any statement or the judges believing that there could be a benefit was enough which it's clear by the other circuits and by Dumois case here that it's fine. The only law cited by the board in their first decision was a non-precedential case out of this circuit as Judge Sloveder actually sat on. It was the Vena case and there they found that a petition for review was denied because an Israeli national actually applied for a United States passport. They have the application. He was prosecuted for it. It's a non-precedential decision. There are this is a case as far as I can tell it regarding precedent of the first impression before this circuit about what is a benefit under this section of the law. Anything else? No. Any questions? Thank you. Thank you. Thank you very much. Thank you. We'll take this matter under advisement. Thank you.